IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID WILLIAMS and LOUISE WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-11-613-D |
| JEFFERSON PARTNERS, L.P., | ) ) ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

On March 29, 2012, the Court ordered Plaintiffs to comply, or show cause for failing to comply, with the Order of January 23, 2012, which directed them to obtain new counsel or give notice of their intent to proceed *pro se* within a specified time period. By the March 29 Order, the Court expressly notified Plaintiffs that "[f]ailure to comply with this Order will result in the dismissal of this case without prejudice to refiling." *See* Order [Doc. No. 16]. The case record reflects that Plaintiffs have made no timely response to the March 29 Order, and again have failed to comply with an order of the Court.

"The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A dismissal for failure to prosecute "should be imposed only after careful exercise

of judicial discretion," but it presents "an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *Id.*; *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (discussing dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)). Here, Plaintiffs' inaction and failure to comply with the Court's orders prevent this case from moving forward. Further, because Plaintiffs have repeatedly disregarded the Court's instructions to state their intentions regarding this proceeding, it appears that Plaintiffs have abandoned the case. Under these circumstances, the Court finds that a dismissal without prejudice to refiling is warranted.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice to refiling. A copy of this Order of Dismissal will be delivered to Plaintiffs' former counsel, Murry J. Parrish and Forrest L.P. DeVaughn, who shall promptly forward the Order to Plaintiffs at their last known mailing address.

IT IS SO ORDERED this 24th of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE